Ramsey Hanafi, SBN 262515
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
San Francisco, CA 94102
Tel.: (415) 504-3121
Fax: (415) 233-8770
info@qhplaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WENTZ, an individual,<br><br>   Plaintiff,<br><br> vs.<br><br>AIR LIQUIDE ADVANCED MATERIALS, INC., a Texas Corporation,<br><br>   Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br> 1. **FAILURE TO MAKE REASONABLE ACCOMMODATION (GOV. CODE § 12940(m));**<br> 2. **DISABILITY DISCRIMINATION (GOV. CODE § 12940(a));**<br> 3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (GOV. CODE § 12940(n));**<br> 4. **WRONGFUL TERMINATION**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

Plaintiff KEVIN WENTZ (herein "Plaintiff") brings this action against Defendant AIR LIQUIDE ADVANCED MATERIALS, INC., (referred to as "Defendant"), and DOES 1 through 10, inclusive. Plaintiff alleges the following:

## II. JURISDICTION AND VENUE

1. This court has jurisdiction in this action pursuant to 28 U.S.C. section 1332, as set forth more fully herein.  The parties are diverse and the damages sought in this matter exceed $75,000.

- 1 -

*WENTZ v. AIR LIQUIDE ADVANCED MATERIALS, INC.,* Northern District of California Case No.
COMPLAINT FOR DAMAGES

2.    This court has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy pursuant to 28 U.S.C. section 1367.

3.    This court is the proper venue for this action under 28 U.S.C. section 1391 because the defendants are subject to jurisdiction in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

4.    Plaintiff has properly notified the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing of their intent to sue Defendant and has received a "right-to-sue" notice for all of their claims prior to filing this complaint.

### III.    PARTIES

5.    Defendant AIR LIQUIDE ADVANCED MATERIALS, INC. is a Texas corporation, with its principle headquarters at 9811 Katy Freeway, Suite 100, Houston, Texas 77024.

6.    Plaintiff KEVIN WENTZ was employed by Defendant at their Fremont, California location from June 2010 until in or around February 2020. Plaintiff's position was "Production Lead."

### IV.    GENERAL ALLEGATIONS

7.    In or around October 2017, Plaintiff was injured at work. Plaintiff was provided light duty accommodations consisting primarily of sedentary work.

8.    In or around April 2018, Plaintiff aggravated his injury and informed Defendant that he needed accommodations consisting of leave from work to recover. Plaintiff was provided that initial accommodation.

9.    In or around August 2018, Plaintiff, through his doctor, informed Defendant that he could return to light1 duty, with accommodations consisting of "sedentary work only, sit and stand at will." Defendant stated it would not allow Plaintiff to return to work until he was 100% healed, and did not otherwise engage in any discussions with Plaintiff or his doctor about alternative accommodations.

- 2 -

10.    In or around September 2018, Plaintiff, through his doctor, informed Defendant that he could return to work with accommodations consisting of "sedentary work only, sit and stand at will." Plaintiff's doctor additionally informed Defendant that Plaintiff should be given time off work to go to physical therapy. Defendant did not respond to this request for accommodations, did not allow Plaintiff to return to work, and did not otherwise engage in any discussions with Plaintiff or his doctor about alternative accommodations. The same work accommodation request was provided by Plaintiff approximately three and a half weeks later, and Plaintiff again received no response.

11.    In or around October 2018, Plaintiff, through his doctor, informed Defendant that he could return to work with accommodations consisting of "no more than 5 minutes standing per hour." Defendant did not respond to this request for accommodations, did not allow Plaintiff to return to work, and did not otherwise engage in any discussions with Plaintiff or his doctor about alternative accommodations.

12.    These same accommodations requests were transmitted from Plaintiff's doctors to Defendants on a monthly basis until February 11, 2020, when Plaintiff was terminated. In that entire almost two-year period, Plaintiff never received any suggestion of alternative work accommodations, and was simply forced to remain on leave from work without pay until fully healed. In its February 11 2020 letter terminating Plaintiff, Defendant wrote that accommodating Plaintiff's need for sedentary work and/or limited standing was an "undue hardship," and his termination was effective February 19, 2020.

13.    In or around March 2020, counsel for Plaintiff sent a letter to Defendant requesting Plaintiff's personnel file, and other records to which Plaintiff is entitled pursuant to California Labor Code sections 226(b), 432, and 1198.5. To date, Defendant has not responded to this request.

//

//

*WENTZ v. AIR LIQUIDE ADVANCED MATERIALS, INC.,* Northern District of California Case No.
COMPLAINT FOR DAMAGES

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Engage in the Interactive Process**
**(Cal. Gov't. Code  12940(n))**

14.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

15.    At all times relevant to this Complaint, Government Code § 12940 and the corresponding Code of California Regulations were in full force and effect and binding on Defendants.  These sections, inter alia, require Defendant to engage in an interactive process with employees to determine whether reasonable accommodations can be made.

16.    Defendant was aware that Plaintiff required accommodations.

17.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made, or continued, so that he would be able to perform the essential functions of his job.

18.    Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made, such as providing Plaintiff with alternative duties that would limit his standing. Instead, Defendant simply forced Plaintiff to stay on unpaid leave.

19.    As a direct and proximate result of the violation of his rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, medical expenses, physical and emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, loss of his career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

20.    As a direct and proximate result of the violation of his rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, medical expenses, physical and emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, loss of his career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

21.    As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees and costs according to proof.

- 4 -

## SECOND CAUSE OF ACTION
### Disability Discrimination
### Cal. Gov. Code § 12940(a)

22.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

23.     Plaintiff informed Defendant of the specifics of his requested work accommodations on a monthly basis from April 2018 until February 2020.

24.     Rather than discuss any accommodations with Plaintiff, Plaintiff was terminated.

25.     Plaintiff was able to perform his essential duties with reasonable accommodation.

26.     Plaintiff's need for accommodation and/or perceived disability was a substantial motivating reason for his termination.

27.     As a direct and proximate result of the violation of his rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, medical expenses, physical and emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, loss of his career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

28.     As a direct and proximate result of the violation of his rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, medical expenses, physical and emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, loss of his career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

29.     As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees and costs according to proof.

## THIRD CAUSE OF ACTION
### Failure to Provide Reasonable Accommodations
### (Cal Gov't Code § 12940(m))

30.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

31.     Plaintiff requested a reasonable accommodation consisting of, at a minimum, sedentary work, or work limiting his standing to no more than 5 minutes per hour.

- 5 -

32.     Plaintiff was able to perform the essential duties of his job with reasonable accommodations for his disability.

33.     Defendant was aware of Plaintiff's need for accommodations. Rather than attempt to accommodate Plaintiff, Defendant fired Plaintiff.

34.     As a result of the aforementioned action, Plaintiff suffered harm and Defendant's conduct as alleged here was a substantial factor in causing this harm.

35.     As a direct and proximate result of the violation of his rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, medical expenses, physical and emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, loss of his career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

36.     As a direct and proximate result of the violation of his rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, medical expenses, physical and emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, loss of his career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

37.     As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees and costs according to proof.

## FOURTH CAUSE OF ACTION
### Wrongful Termination

38.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

39.     It is the public policy of the State of California to prevent discrimination of persons based on their disability.

40.     On information and belief, Defendant's conduct as described above was in direct contravention of this public policy and Plaintiff was terminated because of his need for accommodations and/or his real or perceived disability.

41.     As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered damages in an amount to be proven at trial.

- 6 -

42.     As a proximate result of the wrongful termination, Plaintiff suffered general and emotional distress damages in an amount according to proof.

43.     As a further proximate result of the aforementioned violations, PLAINTIFF suffered harm and is entitled to recovery of unpaid wages, cost of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

44.     On information and belief, in doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this court:

1.   That the court determine that the Defendant's actions as alleged violated the FEHA;

2.   For injunctive relief requiring Defendant to conduct training for all employees, supervisors, and management on the requirements of the FEHA, the rights and remedies of those who allege a violation of the FEHA, and to permanently prohibit Defendants from engaging in any future discriminatory or retaliatory acts against Defendants' employees;

3.   That the Court order Defendant to pay restitution to the Plaintiff, pursuant to California Business and Professions Code §§ 17200-17208;

4.   Award of all past and future lost wages;

5.   Award of damages for pain and suffering;

6.   Award of reasonable attorneys' fees and costs;

7.   Award of prejudgment interest;

8.   Award of punitive damages; and

9.   For such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

*WENTZ v. AIR LIQUIDE ADVANCED MATERIALS, INC.,* Northern District of California Case No.
COMPLAINT FOR DAMAGES

Dated: July 8, 2020                         Respectfully submitted,


                                            Quintana Hanafi, LLP


                                            *RH*

                                            By:_____
                                            Ramsey Hanafi
                                            *Attorney for Plaintiff Kevin Wentz*

- 8 -